044652/19344/MHW/REN/BRF

# IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LEWIS LEE CLARK,<br><br>        Plaintiff,<br><br>v.<br><br>RANDY PFISTER, WALTER NICHOLSON, DR. OKEZIE, MEDICAL STAFF MEMBER L. WILLIAMS, WEXFORD HEALTH SOURCES INC. and JOHN DOE AND JANE DOE,<br><br>        Defendant. | No. 18-cv-1565<br><br>Hon. District Judge Franklin U. Valderrama<br><br>Hon. Magistrate Judge Maria Valdez |

### **WEXFORD DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

NOW COME the Defendants, WEXFORD HEALTH SOURCES, INC., LATANYA WILLIAMS, P.A., and CHRISTIAN OKEZIE, M.D., by and through their attorneys of CASSIDAY SCHADE LLP, and hereby submit their response to Plaintiff's motion to compel [ECF No. 99], stating as follows:

### I.    INTRODUCTION AND BACKGROUND OF DISCOVERY

1.    The Wexford Defendants provided written responses to Plaintiff's requests for production of documents and interrogatories in late June and the first week of July of 2019.

2.    Plaintiff voiced no concerns or complaints with respect to the Wexford Defendants' responses to Plaintiff's discovery requests.

3.    On November 26, 2019, five months after Defendants furnished their responses to discovery, Plaintiff filed a motion for extension of time to file a Deposition Scheduling Report. [ECF No. 60]. At no point did the Plaintiff voice any concerns or complaints with respect to Defendants' written discovery responses.

4. On December 4, 2019, the Court granted the Plaintiff's motion and extended fact discovery until March 27, 2020. [ECF No. 63]. The Plaintiff's deposition had already been taken on September 16, 2019, and the Parties were beginning to schedule other witnesses' depositions.

5. On December 20, 2019, the Parties filed a Deposition Scheduling Report. [ECF No. 64]. In this Report, the Plaintiff indicated his intent to depose the following individuals:

    i. Randy Pfister;

    ii. Walter Nicholson;

    iii. Christian Okezie, M.D.;

    iv. LaTanya Williams, P.A.; and

    v. A corporate designee of Wexford Health Sources, Inc.

    vi. Twelve third-party physicians from the University of Illinois at Chicago Hospital.[1]

6. The Plaintiff again voiced no complaints or opposition regarding Defendants' responses to written discovery that was furnished six months prior.

7. On January 9, 2020, the prior district judge assigned to this matter (Hon. Edmond E. Chang) referred the case to Hon. Magistrate Judge Maria Valdez to conduct a settlement conference, despite the Wexford Defendants' position that such conference would not be fruitful at this stage. Moreover, the Court stayed discovery in this matter. [ECF No. 65]. Approximately seven months had now passed without Plaintiff voicing any complaints or opposition with respect to the Wexford Defendants' responses to written discovery.

---

[1] As noted in the Report, Defendants reserved their right to object or oppose any amount of depositions exceeding the ten allowed under Fed. R. Civ. P. 30, and stated that the amount of discovery sought is inconsistent with Rule 26 and general proportionality principles. [ECF No. 64, p. 4].

8. The settlement conference was originally scheduled for April 14, 2020, but was stricken due to the onset of the current pandemic. [ECF No. 75].

9. The conference was rescheduled and took place by telephone on July 28, 2020. [ECF No. 88]. The case did not settle, and the matter was returned to the district judge.

10. The Parties filed a Joint Status Report on August 11, 2020. [ECF No. 90]. In the Report, the Parties reported they had already engaged in written discovery, and that Plaintiff next intended to take numerous depositions. *Id*. at p. 2. Plaintiff made no indication in the Report that he intended to pursue additional written discovery, and did not voice any concerns or complaints with the Wexford Defendants' prior discovery responses furnished over one year ago. The Parties proposed that fact discovery be completed by December 11, 2020. *Id*.

11. On September 28, 2020, this matter was reassigned to District Judge Franklin U. Valderrama. [ECF No. 92].

12. On November 9, 2020, the Parties filed a Second Deposition Scheduling Report. [ECF No. 94]. Plaintiff stated his intent to depose certain party and non-party witnesses. Again, the Plaintiff made no indication of his intent to engage in further written discovery, nor contested the Wexford Defendants' prior responses to written discovery. Notably, Plaintiff relayed the following information to the Court:

> Given the importance of these party depositions, the current scheduling difficulties, and further anticipated scheduling difficulties precipitated by the holidays and pandemic, Plaintiff anticipates asking the Court to extend the current December 11, 2020, fact discovery deadline.

[ECF No. 94, p. 3]. It is clear that the Plaintiff's stated intent to move for the extension of fact discovery was to allow for time to schedule the referenced depositions therein, and no other reasons were stated. Defendants made no objection to the extension of fact discovery since the

3

basis of the extension was to complete <u>oral</u> discovery, as indicated by the Plaintiff himself in the Report

13. On December 2, 2020, the Parties submitted another Joint Status Report. [ECF No. 97]. In this Report, the Parties stated that they are in the process of completing fact discovery. The Plaintiff indicated that he intended to depose a fourth non-party employee, as well as conduct the depositions of Defendants. [ECF No. 97, pp. 1-2].

14. In this Report, Plaintiff made no mention of completing any form of written discovery, nor made any indication of his intention to contest the Wexford Defendants' discovery responses <u>furnished eighteen (18) months ago.</u> It was agreed that a discovery deadline of March 11, 2021 was appropriate based on Plaintiff's representations he needed to complete oral discovery. *Id.* at p. 2. Indeed, it was clearly relayed to the Court that the basis of the extension was to "allow time to schedule and complete the remaining depositions and account[] for anticipated difficulties scheduling these depositions around the holidays." *Id.*

15. On December 14, 2020, eighteen (18) months after the Wexford Defendants furnished their written discovery responses, the Plaintiff sent correspondence to the undersigned, demanding certain supplemental responses to his discovery requests. After conferring, the Parties reached an impasse on this issue.

16. On January 19, 2021, Plaintiff filed a motion to compel the Wexford Defendants and the IDOC Defendants to supplement certain discovery responses. [ECF No. 132].

## II. ARGUMENT

A. <u>Plaintiff Has Waited Eighteen (18) Months to Contest Defendants' Written Discovery Responses</u>

17. The procedural background of this case clearly demonstrates that the fact discovery deadline has been extended solely to complete oral discovery. Plaintiff has failed to

4

voice any opposition to the Wexford Defendants' written discovery responses for eighteen months, and oral discovery is nearing completion. Each time the Plaintiff moved to extend discovery, it was on the sole basis to allow time to schedule the remaining depositions in this case. *See* ¶¶ 5-6, 10, 12, 14, *supra*. Plaintiff has not, and cannot, argue this fact as it was memorialized in writing on various occasions. *Id*.

18. Moreover, Plaintiff wrongly purports that Defendants are playing a "hide-and-seek game." This is not the case whatsoever. Defendants have produced responsive documents in response to Plaintiff's discovery requests and provided extensive interrogatory answers as evidenced by Plaintiff's exhibits to his motion to compel. After acquiring a protective order, Wexford produced an extraordinary amount of policy information that relates to the claims at issue. The Defendants have been nothing short of compromising, accommodating, responsive, and candid with opposing counsel. Plaintiff's accusations are unfounded and baseless.

19. Next, the Plaintiff fixates on the proposition that Ms. Nicole Ramel (a non-party witness) referred in her deposition to an email she might have sent years ago that may have related to the Plaintiff. [ECF No. 99, p. 6]. Of course, in the interest of compromise, the undersigned had Ms. Ramel search for that email, and it was promptly produced – again, contradicting Plaintiff's baseless assertion that any form of "hide-and-seek game" is occurring. Plaintiff then sought to take advantage of this act of compromise and issued an inordinate amount of additional written discovery on Defendants as soon as oral discovery is nearing close.

20. Moreover, Plaintiff then proceeds to take issue with two of Defendants' discovery responses (Request for Production Nos. 8 & 15) out of the blue that have <u>absolutely no relation to</u> Ms. Ramel's testimony. Plaintiff's correspondence was sent over a year and a half after these discovery responses were furnished to Plaintiff. The Wexford Defendants have agreed to

5

Plaintiff's prior requests for additional time to complete the depositions of his identified witnesses, but Plaintiff now seeks to re-litigate written discovery and backtrack the progress that the Parties made in 2018-2019. Plaintiff has offered no explanation for this, either to the undersigned or this Court. All the Plaintiff is doing is delaying this case from proceeding. Enough is enough - at this rate, discovery will never end in this matter filed in early 2018.

    B. <u>The Wexford Defendants have Complied with Plaintiff's First Request for Production of Documents, Request Nos. 8 & 15</u>

    21.    In his Motion to Compel, the Plaintiff alleges that both the Wexford Defendants and IDOC Defendants should supplement certain discovery responses. With respect to the Wexford Defendants, the Plaintiff argues that their responses to request for production #8 and #15 should be supplemented. Even if the Court does not deny Plaintiff's Motion to Compel for the reasons stated in Section A of this Response (which it should), the Court should still deny Plaintiff's Motion to Compel since Defendants have fully complied with their discovery obligations.

        *i.*    <u>*Request for Production #8*</u>

    22.    In this request, the Plaintiff asks for Wexford's complete personnel files of employees LaTanya Williams, P.A. and Christian Okezie, M.D. *See* Pl.'s Ex. 1. Defendants objected to this request since, among other things, it is inapposite to the Plaintiff's claims, irrelevant, and immaterial. Contrary to Plaintiff's statement that Defendants provided a "boilerplate" objection, the explanation is made apparent in Defendants' response, and will be more fully described below.

    23.    "Trial courts retain broad discretion to limit and manage discovery under Rule 26 of the civil rules." *Geiger v. Aetna Life Insurance, Co.*, 845 F.3d 357, 365 (7th Cir. 2017). As it directly pertains to this production request, it is well established that courts have discretion to

limit the discovery of employee personnel files in order to prevent dissemination of personal or confidential information about their employees. *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). This Court should consider the totality of circumstances and weigh the value of the material sought against the burden of providing it. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

24. This is a prisoner litigation case. Plaintiff argues that the current protective order in place overcomes Defendants' safety and security concerns. However, what counsel fails to acknowledge is the harsh fact that matters such as these involve prisoner-plaintiffs who have already shown their commitment to breaking the law. It is therefore no stretch of the imagination to assume that a court's protective order would somehow convince a prisoner-plaintiff to return or destroy sensitive material if it fell into their hands.

25. For instance, Plaintiff Clark is incarcerated on numerous convictions of aggravated battery against peace officers, and several counts of felony possession of a weapon while in prison.[2] If Mr. Clark comes into possession of sensitive and confidential information involving the personal identity and information of the Defendants, then that presents a clear danger. The risk of this occurring far exceeds any sort of "truth-seeking" function (*Patterson*, 281 F.3d at 681) gained from disclosure of these files. It is especially troubling that the Plaintiff in this case is serving convictions for, among other things, felony possession of a weapon in prison, and the Defendants are employees who work in that same prison. Mr. Clark is not entitled to the Defendants' personnel file, and this Honorable Court should not order Defendants to produce these files.

26. Of course, the undersigned makes no accusations or insinuations whatsoever that opposing counsel would purposely deliver sensitive information such as this for the Plaintiff to

---

[2] *See* Offenders (illinois.gov) – IDOC No. R59026 - Last accessed Jan. 29, 2021.

view, but the risk of Mr. Clark acquiring the sensitive information is too great and the potential consequences too high. While the Plaintiff cited a Central District case[3] showing that a judge ordered disclosure of an employee's personnel file (a correctional officer, not a health care provider), that decision from a sister-court is not binding here. Moreover, the *McCroy* court acknowledged that personnel files may contain information "that should remain confidential for security, privacy or other reasons, or is not germane." *Id.* This is especially true in this case based on the dangers and risks enumerated in ¶¶ 23-25, *supra*, that far outweigh the benefits of disclosure. Even aside from security concerns, these personnel files have absolutely no bearing on Plaintiff's claims against Defendants – e.g., their medical treatment of him.

27. Indeed, in *Vermillion v. Corizon Health, Inc.*, 2019 U.S. App. LEXIS 9839, * 9-10 (7th Cir. 2019)[4], plaintiff Jay Vermillion brought suit against various correctional and medical staff for their alleged failure to treat his urinary issues – as the Plaintiff in the instant case does. Vermillion argued that the district court erred in denying various discovery motions, including his requests for employee records or personnel files. *Id*. at * 9. The Seventh Circuit found that the district court did not abuse its discretion when it "reasonably denied discovery that was overly broad, invasive, or unrelated to Vermillion's claims", citing *Chatham v. Davis*, 839 F.3d 679, 686-87 (7th Cir. 2016). This included employee personnel files. *Id*. The instant Defendants objected to Plaintiff Clark's requests for employee personnel files on the same grounds as the Vermillion defendants did, and more. This Court should not order disclosure of the Defendants' personnel files for the foregoing reasons.

---

[3] *McCroy v. Illinois Dep't of Corr.*, No. 2-cv-3171, 2006 WL 8077033, *6 (C.D. Ill. May 12, 2006).
[4] As this is a LexisNexis citation, the Defendants are attaching this case as Defs' Exhibit 1.

### ii.    *Request for Production #15*

28.    In short, the Plaintiff asks Wexford to produce all documents reflecting agreements to provide improved medical services such as stipulated judgments, settlement agreements, consent decrees, and other agreements. *See* ECF No. 99-1, Request No. 15. Plaintiff's Request No. 15 is extraordinarily broad, irrelevant, and not proportional to the needs of this case. Plaintiff's sole argument in his Motion to Compel is that settlements or other prior agreements put Wexford "on notice" of alleged deficiencies in administration of its health care. [ECF No. 99, p. 8]. This explanation is barebones and lacking. Of course, recognizing the unreasonableness of his own request, Plaintiff relents and states that he will "limit" his request to the last ten years. *Id*. However, this does not affect the reasonableness of his request. Plaintiff's claims do not encompass a period of ten years – much less, the Plaintiff stated in his Motion that his claims began in August 2017. [ECF No. 99, p. 2].

29.    Moreover, Request No. 15 has no bearing on Plaintiff's claims against Wexford. It is no surprise that litigants are encouraged to engage in settlement discussions to come to a resolution, and these agreements should not be construed as admissions of liability. Settlement is meant to buy peace from the expense and burden of further litigation and is meant for the compromise of a disputed claim. However, liability is exactly what Plaintiff intends to show with respect to past settlements intended to buy peace. These settlements include confidentiality provisions, and are not evidence of liability or – as Plaintiff states – "demonstrate[] that [Wexford] was on notice of the inadequacy of its policies and procedures for providing medical care to inmates." [ECF No. 99, p. 8]. Plaintiff has dug his own grave with conceding his intent to use this information for this purpose since Fed. R. Evid. 408 bars the introduction of offers of

9

compromise and negotiation, subject to very limited exceptions[5] – none of which include proving a party was "on notice" of some deficiency.

30. Furthermore, this Court should recognize the time and cost involved in ordering this production. *See Ratchford v. Aeg Ventures*, 2019 U.S. Dist. LEXIS 233185, *12-13 (N.D. Ill. Aug. 6, 2019) (Rowland, J.)[6] (largely denying Plaintiff's request for production of settlement agreements based on relevance, burden, and non-proportionality vis-à-vis the needs of the case). In *Ratchford*, the Northern District of Illinois rightfully recognized the consequences of producing these agreements, the protections of these agreements, and the considerable burden of production (e.g., notifying the settling parties of those agreements and for the Court to consider their objections). *Id*. at *13. This Court should follow suit and deny Plaintiff's motion to compel further production with respect to Request No. 15.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to compel, and grant Defendants any further relief the Court deems fair and proper.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: */s/ Brett R. Furmanski*
One of the Attorneys for Defendants,
WEXFORD HEALTH SOURCES, INC.,
LATANYA WILLIAMS, and CHRISTIAN
OKEZIE, M.D.

---

[5] The exceptions only include proving witness bias or prejudice, negating a contention of undue delay, or providing an effort to obstruct a criminal investigation or prosecution. Fed. R. Evid. 408(b).
[6] As this is a LexisNexis citation, Defendants are attaching this case as Exhibit 2.

Matthew H. Weller / 6278685
Ronald E. Neroda / 6297286
Brett R. Furmanski / 6326924
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 444-2488
(312) 444-1669 (Fax)
mweller@cassiday.com
rneroda@cassiday.com
bfurmanski@cassiday.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2021, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record.

*/s/ Brett R. Furmanski*

9722086  BFURMANS;BFURMANSKI