THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LEWIS LEE CLARK**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:18-CV-01565 |
| ) | |
| **RANDY PFISTER, WALTER** ) | Judge Edmond E. Chang |
| **NICHOLSON, DR. OKEZIE, MEDICAL** ) | Magistrate Judge Maria Valdez |
| **STAFF MEMBER L. WILLIAMS,** ) | |
| **WEXFORD HEALTH SOURCES INC.** ) | |
| **AND JOHN DOE AND JANE DOE,** ) | |
| **UNKNOWN EMPLOYEES OF THE** ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS AND WEXFORD** ) | |
| **HEALTH CARE, INC.** ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
### TO THE IDOC DEFENDANTS

Plaintiff Lewis Lee Clark, by his undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 34, requests that Defendants Randy Pfister ("Pfister") and Walter Nicholson ("Nicholson," collectively, the "IDOC Defendants") produce the following documents for copying and inspection at the offices of Reed Smith LLP, 10 South Wacker Drive, 40th Floor, Chicago, IL 60606-7507, by June 12, 2019.

### DEFINITIONS

1. The term "Plaintiff" refers to Plaintiff Lewis Lee Clark, Illinois Department of Corrections Inmate No. R59026, as well as his counsel and any of his representatives, agents, or others Persons acting on his behalf.

2. The terms "Defendant," "Defendants," "You," or "Your," shall be defined to the broadest extent permitted by the Federal Rules of Civil Procedure, and shall include Defendant

EXHIBIT A

Pfister and Defendant Nicholson, as well as any and all persons acting under their direction or control or on their behalf.

3. The term "Communication" means any and all manner or means of disclosure, transfer, or exchange of information, whether orally or by document, whether face-to-face, by telephone, telecopy, fax, mail, e-mail, and personal delivery or otherwise.

4. The term "Document" shall be defined to the broadest extent permitted by the Federal Rules of Civil Procedure means, without limitation, the original and all non-identical copies of any written or other recorded, graphic or photographic matter of any kind or character, whether produced or reproduced, and includes, without limiting the generality of the foregoing, all photographs, letters, telegrams, teletypes, correspondence, contracts, agreements, drafts, proofs, work papers, applications, financial statements, resumes, notes to file, reports, memoranda, mechanical or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, transcripts, maps, studies, reports, charts, electronic communications, interoffice communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks, bills, invoices, logbooks, computer data bases, computer printouts, e-mail, or otherwise, including originals and copies of any of the foregoing, whether typed, printed, handwritten or on tape or otherwise recorded, and any material underlying, supporting or used in the preparation of any such document which are in the possession, custody or control of you, or your present or former agents, representatives, or attorneys of you, or any and all persons acting on his behalf, including documents at any time in the possession, custody or control of such individuals or entities, or known by you to exist.

EXHIBIT A

5. The term "Stateville" means Stateville Correctional Center as well as its present and former divisions, directors, officers, employees, agents, administrators, representatives, and any and all persons acting under their direction or control or on their behalf.

6. The term "IDOC" means the Illinois Department of Corrections, as well as its present and former divisions, directors, officers, employees, agents, administrators, representatives, and any and all persons acting under their direction or control or on their behalf.

7. The term "Wexford Defendants" means Defendants Wexford Health Sources, Inc., Christian Okezie, and/or Latonya Williams.

8. The term "Plaintiff's Amended Complaint" means the pleading entitled First Amended Complaint, filed on October 30, 2018 in the matter of *Lee-Clark v. Pfister, et al.*, No. 18-cv-01565, in the United States District Court for the Northern District of Illinois, or any amended version of that document filed subsequent to the service of this request.

9. The terms "and" and "or" mean and/or.

10. The term "each" means "each," "every," "any" and "all."

11. The term "identify,"

    (a) when used in reference to a natural person, means to state the person's full name, present or last known home address and telephone number, present or last known business address and telephone number, occupation, job title, job description, age, and, if known, the person's condition of health, any present or former relationship to any of the parties to this action and the person's years of employment;

    (b) when used in reference to a corporation, partnership, or any legal entity other than a natural person, means to state its full name, form of organization (e.g., partnership, corporation, etc.), and the present or last known address of its principal place of business and its state of incorporation or other organization;

    (c) when used in reference to a document, means to state the type of document (e.g., letter, memorandum, contract, telegram, insurance

- 3 -

EXHIBIT A

        policy, etc., or some other appropriate description), the title, date, serial number or other identifying numbers thereon, the document's general subject matter, its author or authors, each author's affiliation, the addressee or addressees of the document and their affiliations, and the identity of each person having possession, custody or control of the document or any copy thereof, and to state whether the document has been produced to Navistar or withheld from production on grounds of privilege. If any such document is no longer in Your possession or custody or subject to Your control, "identify" also means to state what disposition was made of it and the date of such disposition;

    (d)    when used in reference to an act, occurrence, transaction, decision, statement, communication, or contract (hereinafter collectively referred to as an "act"), means to describe the substance of the event or events constituting such act(s), the place and date thereof, and to identify the persons present or involved and any documents referring or relating thereto;

    (e)    when used in reference to an oral conversation, means to state, if possible, exactly what was said, or if impossible, to the best of Your ability the substance of what was said, when, where, by whom and to whom, whether it was by telephone or in person, the names and addresses of those present during or involved in the conversation, or, in the case of a telephone communication, the location of each party to the conversation.

12. The terms "relating to" or "relates" mean, without limitation, embodying, mentioning, pertaining to, referring to, alluding to, concerning or reflecting, directly or indirectly, the subject matter identified in a specific request.

13. The terms "concern" and "concerning" mean referring to, relating to, constituting, discussing, evidencing or in any way relevant to.

14. The term "Medical Care" means any medical attention, evaluation, examination, or consultation, as well as the prescription, provision or implementation of any treatment, medication or other remedy.

- 4 -

## INSTRUCTIONS

1. Produce all documents requested at the offices of Reed Smith LLP, 10 South Wacker Drive, 40th Floor, Chicago, IL 60606-7507.

2. Produce the requested documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

3. To the extent that responsive Documents are maintained by any Defendant in an electronic format generated by systems under Defendant's possession, custody, or control, that Defendant is requested to produce the following for its electronic data: (1) images of the production with burned in bates numbers in single page .TIFF format; and (2) a Summation Enterprise load file (DII) containing: (a) document boundaries at the email parent, email attachment, and Document level; and (b) the following metadata field: Application, Attachment ID, Attachment Title, Authors, Bates-Range, BCC, CC, Custodian, Data Created, Date Received, Date Sent, Doc ID, Doc Title, E-mail Body  (include child or non-email document body in e-mail body field), Folder, From, Parent ID, Subject (*i.e.*, re. line on e-mail), Time Received, Time Sent, and To.

4. These document production requests are continuing in nature.  If you identify, acquire possession, custody or control of any additional documents responsive to these document production requests after the service of your responses thereto, promptly furnish such documents to the undersigned attorneys.

5. If any document requested was, but no longer is, in your possession, custody, or control, state the subject matter of the document, what disposition was made of it, and the date or dates upon which such disposition was made, and additionally, produce all documents relating to the disposition of such document.

EXHIBIT A

6. If any request, or portion thereof, is objected to, state the reason for the objection in detail.

7. If any documents called for by this request are withheld under a claim of privilege, furnish a list at the time the document is withheld setting forth the following for each document for which privilege is claimed: (a) the nature of the privilege asserted; (b) the type of document; (c) the general subject matter of the document; (d) the date of the document; (e) the author of the document; (f) all addressee(s) and distributee(s) of the document; (g) the relationship of the author to the addressee(s) or distributee(s); (h) all other persons who have seen the document or been informed of its contents; and (i) such other information as is sufficient to identify the document for a subpoena <u>duces</u> <u>tecum</u>.

## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Documents and Communications which concern, identify, and/or relate to the facts supporting any claim and/or affirmative defense You raised in Your pleadings in this matter, including without limitation all Documents and Communications upon which You intend to rely at trial.

2. All Documents and Communications obtained from third parties regarding Plaintiff, witnesses potentially involved in this action, and/or allegations in Plaintiff's Amended Complaint, obtained by subpoena or otherwise, that have not been previously produced to Plaintiff.

3. All Documents and Communications relating to the allegations in Plaintiff's Amended Complaint, including without limitation:

    (a) all Documents and Communications between and/or amongst any of the Defendants;

EXHIBIT A

(b) all Documents and Communications between and/or amongst any of the Defendants and any individuals and/or entities who have provided medical treatment to Plaintiff following his August 15, 2017 injury;

(c) all Documents and Communications between and/or amongst any of the Defendants and any employee and/or agent of Stateville and/or the IDOC;

(d) all Documents and Communications between any of the Defendants and any employee or agent of any of the Wexford Defendants; and

(e) all Documents and Communications between any of the Defendants and Plaintiff.

4. All Documents and Communications relating to requests for Medical Care made by or on behalf of Plaintiff, between August 15, 2017 and the present, including without limitation any requests to visit a specialist and/or obtain specialized treatment for Plaintiff's recurrent hematuria and associated abdominal pain and the disposition of any requests (including any responses).

5. All Documents and Communications concerning any treatment prescribed, provided, or recommended to Plaintiff to treat his recurrent hematuria and associated abdominal pain from August 15, 2017 to present including without limitation: prescriptions, prescription drug orders, courses of treatment, including medications, recommended by either Defendants or third-parties

6. All Documents and Communications related to responses to Offender's Grievances submitted by Plaintiff and/or any and all Documents and Communications related to formal and/or informal complaints received by Defendants from Plaintiff related to the allegations in Plaintiff's Amended Complaint and Defendants' responses.

7. All Documents and Communications related to Defendants Christian Okezie's and Latonya Williams' medical credentials and qualifications, including without limitation proof

EXHIBIT A

of licensing, certification, and/or registration; all Documents and Communications with disciplinary bodies; resumes or curriculum vitae; and all training records.

8. All Documents and Communications related to IDOC policies, customs, practices, procedures, rules, guidelines, and training materials for providing health care services to IDOC inmates that were in effect as of August 15, 2017 or came into effect following August 15, 2017, including without limitation all Documents and Communications concerning:

(a) Access to Medical Care by prisoners;

(b) Provision of Medical Care to prisoners;

(c) Cancellation of prisoner medical appointments;

(d) Billing prisoners for Medical Care;

(e) Medical Care provided at Stateville;

(f) Healthcare staffing levels at Stateville;

(g) Transfer of prisoners to offsite medical facilities for Medical Care;

(h) Protocols for implementing and effectuating treatment recommendations made by offside medical facilities;

(i) Documentation of encounters with, medical evaluations of, medical treatment to, and requests for medical treatment by prisoners;

(j) General medical treatment protocols;

(k) Prescription drug ordering and distribution protocols;

(l) Medical treatment protocols for hematuria and urinary tract infections;

9. All Documents and Communications related to IDOC policies, customs, practices, procedures, rules, guidelines, and training materials for awarding and or revoking Good Conduct Credit and/or Statutory Good Time issued to IDOC inmates at Stateville that were in effect as of August 15, 2017 or came into effect following August 15, 2017.

EXHIBIT A

10. All Documents and Communications related to IDOC policies, customs, practices, procedures, rules, guidelines, and training materials for scheduling secure legal telephone calls between inmates and their attorneys.

11. All Documents relating to all policies, customs, practices, procedures, rules, guidelines, and training materials, that were in effect as of August 15, 2017 or came into effect following August 15, 2017, relating to the provision of educational services to inmates at Stateville.

12. All Documents relating to all policies, customs, practices, procedures, rules, guidelines, and training materials, that were in effect as of August 15, 2017 or came into effect following August 15, 2017, relating to the granting or denial of Low Bunk or Low Gallery Permits.

13. All Documents relating to all policies, customs, practices, procedures, rules, guidelines, and training materials, that were in effect as of August 15, 2017 or came into effect following August 15, 2017, relating to the provision of education programs to inmates at Stateville.

14. All Documents and Communications related to IDOC policies, customs, practices, procedures, rules, guidelines, and training materials for determining where to house IDOC inmates at Stateville that were in effect as of August 15, 2017 or came into effect following August 15, 2017, including without limitation all Documents and Communications concerning:

    (a) Responding to requests from inmates for low-bunk or low gallery permits;

    (b) Housing inmates in segregation;

    (c) Choosing which inmates share a room together; and

    (d) Responding to inmate-requests to be transferred to a different room.

EXHIBIT A

15. All Documents and Communications – with appropriate redactions – relating to all lawsuits, Offender's Grievances, and/or formal complaints filed by an IDOC prisoner, or any other Person, concerning a refusal or failure by any Defendant to implement treatment recommended by an offsite healthcare provider for a prisoner injury. This Request is limited to responsive Documents and Communications from the past ten (10) years.

16. All deposition exhibits.

17. All trial exhibits.

18. All Documents and Communications related to any expert witnesses retained by Defendants in this matter, including without limitation any:

 (a) Communications to and from such expert(s);

 (b) Documents provided to and/or relied upon by such expert(s);

 (c) Notes, analyses, and/or reports by such expert(s); and

 (d) Documents and Communications related to Your payment of such expert(s).

19. All Documents and Communications created in past ten (10) years concerning or reflecting any study, report, analysis, internal audit, assessment, investigation, or other inquiry into the quality of medical care provided to inmates at Stateville.

20. All Documents and Communications reflecting any agreement involving the Wexford Defendants' agreement to provide improved medical services to inmates at IDOC facilities, including at Stateville, that the Wexford Defendants entered into to resolve any claims in any lawsuit in which any of the Wexford Defendants were named as a defendant. Documents responsive to this Request include, but are not limited to: consent decrees, stipulated judgments, settlement agreements, and other agreements.

Dated: May 13, 2019                                        PLAINTIFF LEWIS LEE CLARK

EXHIBIT A

                    */s/ Michael B. Galibois*
Michael B. Galibois
Maxwell J. Eichenberger
**REED SMITH LLP**
10 South Wacker Drive, 40th Floor
Chicago, IL  60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400
mgalibois@reedsmith.com
meichenberger@reedsmith.com

*Counsel for Plaintiff Lewis Lee Clark*

- 11 -

EXHIBIT A

# CERTIFICATE OF SERVICE

I, Michael Galibois, an attorney, certify that on May 13, 2019, a true and correct copy of **Plaintiff's First Set of Requests for Production of Documents to the IDOC Defendants** has been served via email and U.S. mail upon opposing counsel at the following address:

| | |
|---|---|
| Matthew H. Weller<br>Ronald E. Neroda<br>Brett R. Furmanski<br>**CASSIDAY SCHADE LLP**<br>222 W. Adams St., Suite 2900<br>Chicago, IL 60606<br>(312) 641-3100<br>(312) 444-1669 – fax<br>mweller@cassiday.com<br>rneroda@cassiday.com<br>bfurmanski@cassiday.com<br><br>*Counsel for Defendants Wexford Health Sources, Inc., Dr. Okezie, and Latonya Williams* | Andrew James O'Donnell<br>**Office of the Illinois Attorney General**<br>100 W Randolph St, 13th Floor<br>Chicago, IL 60601<br>(312) 8140-6135<br>aodonnell@atg.state.il.us<br><br>*Counsel for Defendants Randy Pfister and Walter Nicholson* |

                                            */s/ Michael B. Galibois*

EXHIBIT A