IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEWIS LEE CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 1565 |
| | ) | |
| v. | ) | Honorable Edmond E. Chang |
| | ) | Judge Presiding |
| RANDY PFISTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants, by and through their attorney KWAME RAOUL, Attorney General for the State of Illinois, and for their Responses to Plaintiff's First Set of Requests for Production of Documents state the following:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All Documents and Communications which concern, identify, and/or relate to the facts supporting any claim and/or affirmative defense You raised in Your pleadings in this matter, including without limitation all Documents and Communications upon which You intend to rely at trial.

**RESPONSE: Objection. This request is premature, calls for a legal argument, and seeks attorney-client privileged communications. Subject to and without waiving said objections, see previously disclosed documents, bates stamped IDOC000001-000937. Further answering, see Plaintiff's grievances, bates-stamped IDOC000938-001098.**

2. All Documents and Communications obtained from third parties regarding Plaintiff, witnesses potentially involved in this action, and/or allegations in Plaintiff's Amended Complaint, obtained by subpoena or otherwise, that have not been previously produced to Plaintiff.

**RESPONSE: None.**

3. All Documents and Communications relating to the allegations in Plaintiff's Amended Complaint, including without limitation:

    (a) all Documents and Communications between and/or amongst any of the Defendants;

1

(b) all Documents and Communications between and/or amongst any of the Defendants and any individuals and/or entities who have provided medical treatment to Plaintiff following his August 15, 2017 injury;

(c) all Documents and Communications between and/or amongst any of the Defendants and any employee and/or agent of Stateville and/or the IDOC;

(d) all Documents and Communications between any of the Defendants and any employee or agent of any of the Wexford Defendants; and

(e) all Documents and Communications between any of the Defendants and Plaintiff.

**RESPONSE: Objection. This request is overly broad in scope and is not proportional to the needs of the case. Additionally said request seeks production of documents and/or information that is not currently within the possession, custody, or control of this answering Defendants. Subject to and without waiving said objections, see previously disclosed documents, bates stamped IDOC000001-000937. Further answering, see Plaintiff's grievances, bates-stamped IDOC000938-001098.**

4. All Documents and Communications relating to requests for Medical Care made by or on behalf of Plaintiff, between August 15, 2017 and the present, including without limitation any requests to visit a specialist and/or obtain specialized treatment for Plaintiff's recurrent hematuria and associated abdominal pain and the disposition of any requests (including any responses).

**RESPONSE: See previously disclosed documents, bates-stamped, IDOC000001-000937. Further answering, see Plaintiff's grievances, bates-stamped, IDOC000938-001098.**

5. All Documents and Communications concerning any treatment prescribed, provided, or recommended to Plaintiff to treat his recurrent hematuria and associated abdominal pain from August 15, 2017 to present including without limitation: prescriptions, prescription drug orders, courses of treatment, including medications, recommended by either Defendants or third-parties.

**RESPONSE: See previously disclosed documents, bates-stamped, IDOC000001-000937.**

6. All Documents and Communications related to responses to Offender's Grievances submitted by Plaintiff and/or any and all Documents and Communications related to formal and/or informal complaints received by Defendants from Plaintiff related to the allegations in Plaintiff's Amended Complaint and Defendants' responses.

**RESPONSE: See Plaintiff's grievances and policies, bates-stamped, IDOC000938-001239.**

7. All Documents and Communications related to Defendants Christian Okezie's and Latonya Williams' medical credentials and qualifications, including without limitation proof of

licensing, certification, and/or registration; all Documents and Communications with disciplinary bodies; resumes or curriculum vitae; and all training records.

**RESPONSE: Objection. This request is overly broad in scope and better directed at other defendants as it seeks production of documents and/or information that is not currently within the possession, custody, or control of the answering Defendants. Documents may exist. However, based on the aforementioned objections, no search will be conducted.**

8. All Documents and Communications related to IDOC policies, customs, practices, procedures, rules, guidelines, and training materials for providing health care services to IDOC inmates that were in effect as of August 15, 2017 or came into effect following August 15, 2017, including without limitation all Documents and Communications concerning:

   (a) Access to Medical Care by prisoners;

   (b) Provision of Medical Care to prisoners;

   (c) Cancellation of prisoner medical appointments;

   (d) Billing prisoners for Medical Care;

   (e) Medical Care provided at Stateville;

   (f) Healthcare staffing levels at Stateville;

   (g) Transfer of prisoners to offsite medical facilities for Medical Care;

   (h) Protocols for implementing and effectuating treatment recommendations made by offside medical facilities;

   (i) Documentation of encounters with, medical evaluations of, medical treatment to, and requests for medical treatment by prisoners;

   (j) General medical treatment protocols;

   (k) Prescription drug ordering and distribution protocols;

   (l) Medical treatment protocols for hematuria and urinary tract infections.

**RESPONSE: Objection. This request is overly broad in scope, duplicative, and better directed at other defendants as it seeks production of documents and/or information that is not currently within the possession, custody, or control of the answering Defendants. Answering subject to and without waiving said objections, see documents bates-stamped IDOC001240-001739.**

9. All Documents and Communications related to IDOC policies, customs, practices, procedures, rules, guidelines, and training materials for awarding and or revoking Good Conduct Credit and/or Statutory Good Time issued to IDOC inmates at Stateville that were in effect as of August 15, 2017 or came into effect following August 15, 2017.

**RESPONSE: See attached, bates-stamped IDOC003239-003258.**

3

EXHIBIT B

10. All Documents and Communications related to IDOC policies, customs, practices, procedures, rules, guidelines, and training materials for scheduling secure legal telephone calls between inmates and their attorneys.

**RESPONSE: Objection. This request is overly broad in scope, is not proportional to the needs of the case and is not relevant to any claim or defense asserted in Plaintiff's Complaint. Subject to and without waiving said objections, see previously disclosed documents, bates stamped IDOC001740.**

11. All Documents relating to all policies, customs, practices, procedures, rules, guidelines, and training materials, that were in effect as of August 15, 2017 or came into effect following August 15, 2017, relating to the provision of educational services to inmates at Stateville.

**RESPONSE: Objection. This request is overly broad in scope, is not proportional to the needs of the case and is not relevant to any claim or defense asserted in Plaintiff's Complaint. Subject to and without waiving said objections, see previously disclosed documents, bates stamped IDOC001741-001768.**

12. All Documents relating to all policies, customs, practices, procedures, rules, guidelines, and training materials, that were in effect as of August 15, 2017 or came into effect following August 15, 2017, relating to the granting or denial of Low Bunk or Low Gallery Permits.

**RESPONSE: Objection. This request is overly broad in scope and better directed at other defendants as it seeks production of documents and/or information that is not currently within the possession, custody, or control of these answering Defendants. Defendants are not medical professionals, have no medical training and are not personally involved in an inmate's medical care. Subject to and without waiving said objections, there are no known IDOC policies for low bunk or low gallery permits.**

13. All Documents relating to all policies, customs, practices, procedures, rules, guidelines, and training materials, that were in effect as of August 15, 2017 or came into effect following August 15, 2017, relating to the provision of education programs to inmates at Stateville.

**RESPONSE: Objection. This request is overly broad in scope, is not proportional to the needs of the case and is not relevant to any claim or defense asserted in Plaintiff's Complaint. Subject to and without waiving said objections, see previously disclosed documents, bates stamped IDOC001741-001768.**

14. All Documents and Communications related to IDOC policies, customs, practices, procedures, rules, guidelines, and training materials for determining where to house IDOC inmates at Stateville that were in effect as of August 15, 2017 or came into effect following August 15, 2017, including without limitation all Documents and Communications concerning:

    (a) Responding to requests from inmates for low-bunk or low gallery permits;

    (b) Housing inmates in segregation;

  (c)  Choosing which inmates share a room together; and

  (d)  Responding to inmate-requests to be transferred to a different room.

**RESPONSE: Objection. This request is overly broad in scope, is not proportional to the needs of the case and is not relevant to any claim or defense asserted in Plaintiff's Complaint. Subject to and without waiving said objections, see previously disclosed documents, bates stamped IDOC001769-001850.**

  15.  All Documents and Communications – with appropriate redactions – relating to all lawsuits, Offender's Grievances, and/or formal complaints filed by an IDOC prisoner, or any other Person, concerning a refusal or failure by any Defendant to implement treatment recommended by an offsite healthcare provider for a prisoner injury. This Request is limited to responsive Documents and Communications from the past ten (10) years.

**RESPONSE: Objection. This request is overly broad, unduly burdensome, not relevant to any claim or defense asserted, not proportional to the needs of the case, and poses a safety and security concern. Plaintiff is seeking narrative descriptions of all grievances, complaints, or concerns made by non-party inmates and third parties. Objecting further, requests for unrelated grievances, complaints, or requests made by non-party inmates poses a safety and security concern for the other offenders and for staff at IDOC and may violate the privacy rights of non-parties. Subject to and without waiving said objections, see documents, bates-stamped IDOC000938-001098.**

  16.  All deposition exhibits.

**RESPONSE: Objection. This request is premature, overly broad, unduly burdensome, vague, not relevant to any claim or defense asserted, and not proportional to the needs of the case. Subject to and without waiving said objections, none as no depositions has taken place in this matter.**

  17.  All trial exhibits.

**RESPONSE: Objection. This request is premature. Defendant expressly reserves the right to supplement or amend the foregoing responses to interrogatories as necessary and/or appropriate.**

  18.  All Documents and Communications related to any expert witnesses retained by Defendants in this matter, including without limitation any:

  (a)  Communications to and from such expert(s);

  (b)  Documents provided to and/or relied upon by such expert(s);

  (c)  Notes, analyses, and/or reports by such expert(s); and

  (d)  Documents and Communications related to Your payment of such expert(s).

**RESPONSE: Objection. This request is premature. Subject to and without waiving said objection, Defendant has not retained an expert in this matter. Defendant expressly reserves**

EXHIBIT B

**the right to supplement or amend the foregoing responses to interrogatories as necessary and/or appropriate.**

19. All Documents and Communications created in past ten (10) years concerning or reflecting any study, report, analysis, internal audit, assessment, investigation, or other inquiry into the quality of medical care provided to inmates at Stateville..

**RESPONSE: Objection. This request is overly broad and unduly burdensome. Objecting further, said request is not proportional to the needs of the case and seeks the disclosure of confidential information that will not prove or disprove any claim or defense asserted. Subject to and without waiving said objections, IDOC001851-003238.**

20. All Documents and Communications reflecting any agreement involving the Wexford Defendants' agreement to provide improved medical services to inmates at IDOC facilities, including at Stateville, that the Wexford Defendants entered into to resolve any claims in any lawsuit in which any of the Wexford Defendants were named as a defendant. Documents responsive to this Request include, but are not limited to: consent decrees, stipulated judgments, settlement agreements, and other agreements.

**RESPONSE: Objection. This request is overly broad in scope, unduly burdensome and better directed at other defendants as it seeks production of documents and/or information that is not currently within the possession, custody, or control of these answering Defendants. Objecting further, this request is not relevant to any claim or defense asserted, and not proportional to the needs of the case. Requests for unrelated consent decrees, stipulated judgments, settlement agreements, and other agreements, seeks confidential information and may violate the privacy rights of non-parties. Subject to and without waiving said objections, IDOC001240-001544.**

Dated: July 23, 2019

                                                Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois                 By:    s/Andrew O'Donnell
                                                            ANDREW O'DONNELL
                                                              Assistant Attorney General
                                                              General Law Bureau
                                                              100 W. Randolph St., 13th Fl.
                                                              Chicago, Illinois 60601
                                                              (312) 814-6135
                                                              Aodonnell@atg.state.il.us

EXHIBIT B

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Defendants' Responses to Plaintiff's First Set of Production Requests was served on July 23, 2019 via email, upon the following:

Michael Brian Galibois
Maxwell J. Eichenberger
Reed Smith LLP
10 S. Wacker Dr., Suite 4000
Chicago, IL 60606
MGalibois@reedsmith.com
meichenberger@reedsmith.com

                                          */s/ Andrew O'Donnell*
                                          ANDREW O'DONNELL

EXHIBIT B