**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LEWIS LEE CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 CV 1565 |
| | ) | |
| v. | ) | Honorable Franklin U. Valderrama |
| | ) | Judge Presiding |
| RANDY PFISTER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO
<u>RECONSIDER THE COURT'S MARCH 8, 2021 ORDER</u>**

Defendants, Randy Pfister, and Walter Nicholson ("Defendants"), by and through their attorney, Kwame Raoul, Illinois Attorney General, hereby respectfully request that the Court reconsider its March 8, 2021 Order granting Plaintiff's Motion for Leave to File its Supplemental First Amended Complaint instanter. In support, Defendants state the following:

<u>**INTRODUCTION**</u>

On October 30, 2018, Plaintiff, through his counsel, filed a five count Amended Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against Defendants Randy Pfister and Walter Nicholson. [ECF No. 18]. Count I alleges that the Defendants were deliberately indifferent to Plaintiff's medical needs. Counts II, III and IV alleges constitutional violations against Co-Defendants Wexford Health Sources Inc., Dr. Okezie, and nurse Williams. Count V alleges that Defendant Nicholson retaliated against the Plaintiff by canceling his telephone calls and medical appointments, and withheld Good Conduct Credit. This Court granted Plaintiff's motion to voluntarily dismiss Count V of his Complaint without prejudice as to Defendant Pfister. [ECF Nos. 26, 29]. On March 5, 2021, less than a week before fact discovery closes, Plaintiff filed a Motion for Leave to File its Supplemental First Amended Complaint instanter. Specifically, Plaintiff seeks

to add a retaliation claim against Defendant Pfister in Count VI, and add a completely new legal theory in Count VII; alleging a conditions of confinement claim against Defendant Pfister. [ECF Nos. 113, Ex. A]. On March 8, 2021, one business day after Plaintiff's filing and before Defendants were able to respond, this Court granted Plaintiff's Motion. [ECF No. 115].

Defendants now asks this Court to reconsider its March 8, 2021 Order because granting Defendant's Motion three days prior to the close of fact discovery will cause substantial prejudice and expense to the Defendants. Additionally, Plaintiff made misrepresentations in support of their Motion and by doing so, failed to establish "good cause."

<h2 align="center">LEGAL STANDARD</h2>

Motions to reconsider are appropriate under rare circumstances such as "a controlling or significant change in the law or facts since the submissions of the issues to the Court." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.* 123 F.R.D. 282, 288 (N.D. Ill. 1988). A motion to reconsider may also be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Murray v. GMAC Mortg. Corp.*, 532 F. Supp. 2d 938, 940 (N.D. Ill. 2007), aff'd, 274 Fed. Appx. 489 (7th Cir. 2008).

<h2 align="center">ARGUMENT</h2>

**I.  Plaintiff's Motion will result in substantial prejudice and expense to Defendants and Plaintiff has failed to establish 'good cause.'**

Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave." The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed

in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848–49 (7th Cir.2002). Delay on its own is usually not reason enough for a court to deny a motion to amend. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792–93 (7th Cir.2004); *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir.1992). But "'the longer the delay, the greater the presumption against granting leave to amend.'" *King v. Cooke*, 26 F.3d 720, 723 (7th Cir.1994) (quoting *Tamari v. Bache & Co*., 838 F.2d 904, 908 (7th Cir.1988)).

Plaintiff argues that he did not delay in bringing this motion because of newly discovered evidence sent to him on January 19, 2021. [ECF No. 114, pgs 4-5]. Specifically, Plaintiff's counsel argues that he had no knowledge of an incident involving Defendant Pfister and the Plaintiff's conditions of confinement on or around May to September of 2019. *Id.* This is false. In fact, Plaintiff's counsel knew about Plaintiff conditions of confinement when Plaintiff's deposition proceeded on September 19, 2019. Plaintiff's counsel, Michael Galibois asked, and received, the following answers to his questions:

> Q.  Since you brought it up. Let's go to the mold. I think you mentioned earlier that you were put in a cell with feces?
> A.  Yes, I was.
> Q.  Are you still in that cell?
> A.  With feces, no.
> Q.  Were you also put in a cell with mold?
> A   Yes, I was.
> Q.  How do you know there was mold in the cell?
> A.  It grows, it grows like -- like a Cheetah Pet, it grows all up the wall, it grows. I was just actually moved out of the cell by **Warden Pfister** last week on Thursday.
> Q.  So let's talk about this. I want to be really clear, I want my Counsel here to be clear what we're talking about. So last Thursday **Warden Pfister** visited your cell?
> A.  Yeah.
> Q.  Were you there?
> A.  I was in the school building, I was in the school building.
> Q.  How do you understand **Warden Pfister** --

A.    Officer came to me, you know what happened, right? I'm like yeah, I heard by other inmates. He said all your shit, you being moved from, sending the governor a letter about it and the governor happened to get on **Pfister** about it and stuff, he came through with the flashlight, he seen the mold all on the back wall. Nobody else is allowed in that cell.

Q.    Who are we talking about here? First of all, who reported that **Pfister** visited the cell?

A.    Other inmates and officer by the name of Heratz.

Q.    And when you were just discussing that he was in the cell with a flashlight, who's he?

A.    **Randy Pfister**.

Q.    You understand that to be **Randy Pfister**?

A.    Yes.

*See* Plaintiff's transcript attached hereto as "Exhibit A" 139: 22-24; 140: 1-24; 141: 1-15].

Despite this knowledge, Plaintiff did not seek any discovery on this issue, and waited 19 months (and less than a week prior to the close of fact discovery) to file this Motion. [*See* Plaintiff's First Set of Interrogatories and Request for Production of Documents attached hereto as "Exhibit B" and "Exhibit C"]. This Court has misunderstood Defendants' opposition because without their response, the court would not have known about Plaintiff's misrepresentation of or his knowledge as of September 16, 2019. Therefore, Plaintiff's 19-month delay in filing this Motion is inexcusable, and should weigh against the granting of his Motion.

Next, Plaintiff argues that Defendants will not be prejudiced by the granting of this motion because Plaintiff does not seek to add new parties, the parties have not briefed summary judgment, Defendant Pfister has not yet been deposed, and the parties have already exchanged written discovery relevant to these proposed additional claims." [ECF No. 114, pg. 5]. Then, Plaintiff makes the illogical leap to allege that Plaintiff's failure to seek discovery on this issue, of which was known to him for 19 months, is attributable to Defendant Pfister. [ECF No. 114, pg. 5]. Plaintiff makes a second misrepresentation to the Court by arguing that Defendant Pfister intentionally withheld documents related to Plaintiff's request for documents. *Id.* As described

*supra*, and more fully in Defendants' Response to Plaintiff's Motion to Compel, Plaintiff did not

seek any documents cornering a retaliation or conditions of confinement claim between May and

September of 2019.

Plaintiff's Request for Production of Documents No. 3 states:

3.      All Documents and Communications relating to the allegations in Plaintiff's
Amended Complaint, including without limitation:
(a)     all Documents and Communications between and/or amongst any of the
        Defendants;
(b)     all Documents and Communications between and/or amongst any of the
        Defendants and any individuals and/or entities who have provided medical
        treatment to Plaintiff following his August 15, 2017 injury;
(c)     all Documents and Communications between and/or amongst any of the
        Defendants and any employee and/or agent of Stateville and/or the IDOC;
(d)     all Documents and Communications between any of the Defendants and any
        employee or agent of any of the Wexford Defendants; and
(e)     all Documents and Communications between any of the Defendants and
        Plaintiff.

[Ex. C, ¶ 3].

It is clear, Request No. 3 is limited to the allegations of Plaintiff's Amended Complaint.

Plaintiff cannot argue that his Amended Complaint had any allegations against Defendant Pfister

for retaliation or conditions of confinement because he was dismissed. [ECF Nos. 26, 29].

Therefore, the only allegations of retaliation was against Defendant Nicholson. However, it is

impossible for Request No. 3 to encompass Plaintiff's request for documents against Nicholson in

2019 because he left Stateville on December 31, 2018. As such, Plaintiff's argument that

Defendant Pfister withheld documents related to his request for documents in 2019 is simply false.

This Court did not fully consider and balance the severe prejudice Plaintiff's Motion places

on the IDOC Defendants, and this constitutes clear error. In fact, the Seventh Circuit has held that

under similar circumstances, such a motion is untimely and places an undue burden on defendants.

See *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir.1982) (district court did not

abuse its discretion in denying motion to amend where motion was filed after parties had

5

completed discovery and where motion would inject a new theory into the litigation); *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) ("Eleventh hour additions ... [are] bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants"). also see *Sanders v. Venture Stores, Inc*., 56 F.3d 771, (7th Cir. 1995) ("These facts could have been pled at any time after the filing of the initial complaint. If the amendment were allowed, [defendant] would have been put to additional discovery, and thus prejudiced. We conclude that the district court did not abuse its discretion in refusing the amendment because of undue delay.")

In *Bell v. Taylor*, the Seventh Circuit held that plaintiff failed to timely file his amended complaint based on undue delay and prejudice to the defendants. *Bell v. Taylor*, 827 F. 3d 699, 705 (7th Cir. 2016). The court noted that Plaintiff had notice of the issue raised in his amended complaint in April of 2013, but waited until March 12, 2014 to file. *Id.* Additionally, the court reasoned that the filing of plaintiff's motions after discovery has closed but before the dispositive motion deadline would result in an undue delay and prejudice the defendants by the need for further discovery. *Id.*

The Court's and Plaintiff's reliance on *Marshall v. Knight*, 445 F.3d 965 (7th Cir. 2006) is misplaced. In *Marshall*, plaintiff filed a petition to amend his complaint before the superintendent had been served. *Id.* at 971. Pursuant to Fed. R. Civ. P. 15(a), the court held that plaintiff had a right to amend his complaint as a matter of course since the superintendent has not yet filed an answer. *Id.* Unlike here, Defendant Pfister filed his answer on January 7, 2019, yet Plaintiff waited until March 5, 2021 to file his Complaint. [ECF No. 114]. Unlike *Marshall*, the court did not engage in an analysis based on delay or prejudice as required under Fed. R. Civ. P. 15(a)(2) and therefore, is inapplicable to this matter.

Here, the IDOC Defendants would suffer severe prejudice by the granting of Plaintiff's Motion. First, Plaintiff's Motion is based on an undue delay. Like *Bell*, Plaintiff was aware of the retaliation and conditions of confinement claim in September of 2019, yet waited until March 5, 2021 to file. [ECF No. 114]. Also see *Hukic v. Aurora Loan Servs*., 588 F.3d 420, 432 (7th Cir. 2009) (affirming district court's denial of plaintiff's motion for leave to file a second amended complaint "late in the game," in part because plaintiff based his request on information available to plaintiff "long before he sought leave to amend"). Second, Plaintiff's Motion would inject an entirely new theory into the case without any discovery on the issue. Despite Plaintiff's plea, there has been no discovery related to a retaliation or conditions of confinement claim that allegedly occurred in 2019. As established, Plaintiff has not sought discovery on this issue. [See Ex. B and C]. Additionally, Defendants were not aware of Plaintiff's retaliation or condition of confinement issues until the day of his deposition. By granting this Motion, and despite this being a 2018 case, the Parties would be starting from the beginning on an entirely new theory of the case. Like *Bell*, this will result in additional written and oral discovery with less than a few days before fact discovery closes. Therefore, Plaintiff Motion will result in severe prejudice to the Defendants.

While it is true, Defendant Pfister deposition has not proceeded, this is solely attributable to Plaintiff's refusal to conduct it within the fact discovery deadline. Even though this Court removed the stay on discovery to conduct the remaining depositions on August 12, 2020, Plaintiff has taken just four depositions in six months. On February 18, 2021, during a meet and confer, Plaintiff's counsel requested dates to take Defendant Pfister's deposition. On February 24, 2021, the undersigned counsel provided dates for his deposition. [See Email Correspondence attached hereto as "Exhibit. D"]. Plaintiff's counsel stated that they were not available on those dates, and that "we are still waiting for the Court to issue a ruling on the pending motions to extend fact

discovery and to compel documents directly relevant to both Pfister and Nicholson's depositions." *Id.* The undersigned questioned Plaintiff's counsel what dates can he be available, prior to March 11, 2021 (fact discovery deadline), but Plaintiff did not provide any dates. *Id.* It is clear that Plaintiff's counsel had no intention of taking Defendant Pfister's deposition prior to the close of fact discovery, despite Defendants willingness to do so.

Additionally, by granting this Motion, this Court has negated Plaintiff's failure to properly seek discovery in this case, and bolstered Plaintiff's motion to compel. On January 19, 2021, Plaintiff filed a motion to compel the Defendants to supplement certain discovery responses. [ECF No. 99]. On February 1, 2021, the Defendants filed their Response arguing that Plaintiff's motion to compel sought information never previously sought through a formal discovery request, is unduly burdensome and overly broad, and currently not within the possession or control of the Defendants under Rule 26(b)(2)(C)(i). [ECF No. 103, pg. 2].

First, the IDOC Defendants argued that Plaintiff's motion to compel was untimely because Plaintiff waited 18 months to bring his motion and offered no reasoning for the delay. [ECF No. 103, pgs. 3-4]; also see *Singletary c. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 1992 WL 199827 (N.D. Ill August 10, 1992). Moreover, Defendants noted that district courts recognize that it may deny a motion to compel "as untimely due to unexplained or undue delay or when the late motion will require an extension of the discovery period." *Medicines Co., 2013 WL 120245*, at *2, citing *In re Sulfuric Acid Antitrust Litig*., 231 F.R.D. 331 (N.D.Ill.2005*), see also Grassi v. Info. Res., Inc*., 63 F.3d 596, 604 (7th Cir.1995). Due to Plaintiff's late filing of his motion to compel it necessitated the need to extend the discovery period, and therefore, should be denied. However, based on this Court's March 8, 2021 Order, fact discovery must be extended to conduct written and oral discovery based on the new legal theories. As such, Defendants' have been

prejudiced because the position taken in their Response to Plaintiff's motion to compel has been undermined.

Moreover, by granting Plaintiff's Motion, it now gives Plaintiff the ability to seek documents in his motion to compel regardless of the outcome of the magistrate's decision. Specifically, Plaintiff seeks all incident reports regarding the Plaintiff from 2017 to 2019. [ECF. 99]. Defendants argued that Plaintiff never previously sought this information through a formal discovery request. Fed. R. Civ. P. 26; *see*, e.g., *M. McGee Design Studio, Inc. v. Brinson*, 1994 WL 380613, *10 (N.D. Ill. Jul. 18, 1994) (holding that request for all evidence plaintiffs intended to rely upon was overly broad in contravention of the Federal Rules, and that "discovery does not mandate that each party turn everything in its possession over to the other side."); *see also Piller v. Perftech*, Inc., 2011 WL 2293363, *5 (N.D. Ill. 2011) (refusing to compel defendant to produce discovery for a catch-all request); *see also Whitlow v. Martin*, 259 F.R.D. 349, 354-55 (C.D. Ill. 2009) (refusing to compel defendant to answer interrogatory subpart that required identification of precise documents that supported each allegation because such a request was unduly burdensome). [ECF. 103, pg. 5]. Additionally, Defendants argued that Plaintiff never sought incident reports regarding a moldy cell between May and September 2019. As described *supra*, it is not possible for Plaintiff Request No. 3 to encompass an incident in 2019. Therefore, Defendants argued Plaintiff's request to compel should be denied. However, even if the magistrate judge finds in Defendants favor, Plaintiff can now seek the incident reports in question that he has failed to timely request. This again, would severely prejudice the Defendants, and Plaintiff should not get a second bite at the apple for their failure to timely file motions and discovery requests.

While the Plaintiff cleverly disguised his Motion as a failure on the part of the IDOC Defendants, the evidence establishes otherwise. The granting of Plaintiff's Motion was based on

misrepresentations, and as a result, was in clear error. Additionally, Plaintiff's Motion was based on an inexcusable 18-month delay, filed less than a week before fact discovery closed. Finally, Defendants will suffer severe prejudice, and this 2018 case, will start discovery from the very beginning on two new legal theories that will result in additional written, and oral discovery, despite a forthcoming ruling on Plaintiff's motion to compel. As such, Defendants respectfully request this Court reconsider its March 8, 2021 Order, and deny Plaintiff Motion.

WHEREFORE, Defendants respectfully requests this Court reconsider its March 8, 2020 Order granting Plaintiff's Motion to File a Supplemental Amended Complaint, or in the alternative, bifurcate the condition of confinement claim based on improper joinder and for any other relief the Court finds reasonable and just.

Dated: March 9, 2021

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois

*/s/ Andrew O'Donnell*
ANDREW ODONNELL
Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-6135
aodonnell@atg.state.il.us

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on March 9, 2021, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


*/s/ Andrew O'Donnell*